**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lynnette Jadrich, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 7034 |
| | ) | |
| National Credit Adjuster, L.L.C., a | ) | |
| Kansas limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lynnette Jadrich, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letter violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Lynnette Jadrich ("Jadrich"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Chase account.

4.      Defendant, National Credit Adjusters, LLC ("NCA"), is a Kansas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, NCA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant NCA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then tries to collect by sending consumers collection letters, making collection phone calls to them and by filing suit against them in the state courts in Illinois.

6.      Defendant NCA is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, NCA conducts business in Illinois.

7.      Moreover, Defendant NCA is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, NCA acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

8.      In 2002, Ms. Jadrich refused to pay her Chase credit card because of unresolved billing disputes with Chase.  Rather than resolve these disputes, at some point in time after Chase declared the account to be delinquent, it sold the account to Defendant NCA.  Accordingly, on May 20, 2005, Defendant sent Ms. Jadrich a collection letter demanding payment of the Chase debt.  A copy of this letter is attached as Exhibit <u>C</u>.

9.      On May 28, 2005, Ms, Jadrich sent NCA a letter disputing the debt and demanding that they cease collection.  A copy of this letter is attached as Exhibit D.

10.     Thereafter, Defendant NCA hired the attorneys at Blitt and Gaines, P.C. to demand payment of the Chase debt.  On March 14, 2007, Blitt and Gaines, P.C. sent Ms. Jadrich a collection demanding payment of the Chase debt.  A copy of this letter is attached as Exhibit E.

11.     Accordingly, on March 30, 2007, Ms. Jadrich sent Blitt and Gaines, P.C., a letter disputing the debt and demanding that they cease collection of the Chase debt.  A copy of this letter is attached as Exhibit F.

12.     Despite the debt being disputed, NCA filed a lawsuit against Ms. Jadrich on May 1, 2007, in a matter styled National Credit Adjusters, LLC v. Lynnette Jadrich, No. 07AR487, (Lake County, Illinois).  A copy of the lawsuit is attached as Exhibit G.

13.     After Ms. Jadrich filed her answer and affirmative defenses to the lawsuit -- namely that she disputed owing the debt, and that Defendant had no documentation that showed she owed the debt, nor any proof that NCA owned the debt -- Defendant NCA dismissed its lawsuit, on July 19, 2007.  A copy of the dismissal Order is attached as Exhibit H.

14.     Despite the debt being disputed and the lawsuit being dismissed, Defendant NCA thereafter sent Ms. Jadrich a collection letter dated December 23, 2009 demanding payment of the Chase debt.  A copy of this letter is attached as Exhibit I.

15.     Moreover, beginning in January, 2010, Defendant NCA repeatedly called Ms. Jadrich, demanded payment of the Chase debt, and claimed that a lawsuit was pending against her.  In fact, no lawsuit was pending, nor has one, to date, been

filed against Ms. Jadrich by Defendant, other than the lawsuit dismissed in 2007.

16.     On June 15, 2010, Defendant NCA sent Ms. Jadrich another collection letter demanding payment of the Chase debt.  A copy of this letter is attached as Exhibit J.

17.     On September 21, 2010, Defendant NCA called Ms. Jadrich in an attempt to collect the Chase debt and spoke with Ms. Jadrich's husband.  Mr. Jadrich informed Defendant NCA that Defendant needed to contact their attorney regarding the debt and gave NCA's debt collector their attorneys' name and contact information.

18.     Undeterred, Defendant directly called Ms. Jadrich on October 25, 2010 to demand payment of the debt.

19.     All of Defendant NCA's collection actions complained of herein, namely the December, 2009 resumption of its collection efforts, occurred within one year of the date of this Complaint.

20.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

21.     Plaintiff adopts and realleges ¶¶ 1-20.

22.     Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

23.     Defendant NCA was given direct notice that Plaintiff was represented by an attorney in connection with the debt at issue.  By continuing to directly call Ms. Jadrich, despite be advised that she was represented by counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

24.     Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

25.     Plaintiff adopts and realleges ¶¶ 1-20.

26.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

27.     Here, the letters from Ms. Jadrich to NCA and its attorneys, and her answer to its state court lawsuit, clearly demanded that Defendant NCA cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant NCA violated § 1692c(c) of the FDCPA.

28.     Defendant NCA's violations of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA -**
**Making Multiple False Threats And Statements**

29.     Plaintiff adopts and realleges ¶¶ 1-20.

30.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken, see 15 U.S.C. § 1692e(5).  Defendant violated this provision by, among other actions:

    a.     falsely stating, in 2010, that a lawsuit was pending against Ms. Jadrich, when, in fact, no lawsuit was pending;

    b.     falsely threatening a lawsuit, when none can be filed due to Illinois' 5-year statute of limitations, which expired long ago; and,

    c.     falsely stating, in its collection letters (Exhibits I and J), that it would make a report to the credit bureaus about the debt when, in fact, the seven-year deadline to report information on the debt has passed.

31.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

32.     Plaintiff adopts and realleges ¶¶ 1-20.

33.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.

34.     Defendant's collection actions which violated § 1692f of the FDCPA, include, but are not limited to:

a.      falsely stating, in 2010, that a lawsuit was pending against Ms. Jadrich, when, in fact, no lawsuit was pending;

b.      falsely threatening a lawsuit, when none can be filed due to Illinois' 5-year statute of limitations, which expired long ago; and,

c.      falsely stating, in its collection letters (Exhibits I and J), that it would make a report to the credit bureaus about the debt when, in fact, the seven-year deadline to report information on the debt has passed.

35.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lynnette Jadrich, prays that this Court:

1.      Find that Defendant's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Jadrich, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lynnette Jadrich, demands trial by jury.

Lynnette Jadrich,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  November 1, 2010

7

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com